Sci. Fa.                **Adams' *vs* Commonwealth.**

*Case* 24.              Error to the Garrard Circuit.

*Capias.    Recognizance.    Criminal    proceedings.*
*Scire facias.*

*October* 29.      Judge Ewing delivered the Opinion of the Court.

The case stated.    The Commonwealth sued out a *scire facias* against the
plaintiffs in error, upon a recognizance executed by
them, for the appearance of A. Adams, at the March
term of the Garrard Circuit Court, 1838, to answer to an
indictment found against him for permiting unlawful gam-
ing in his house.    The *sci. fa.* recites the recognizance as
having been before Jesse Yantis, as deputy sheriff, con-
ditioned for the appearance of A. Adams on the *second
day* of the next March term, and that the recognizance
was taken by virtue of a *capias*, to the sheriff directed,
endorsed by the order of the court, requiring bail to be
taken in a specified sum, for the appearance of Adams on
the *first day* of the March term, and avers the non-ap-
pearance of Adams; and though it does not aver specific-
ally, that the recognizance was *returned* to the office, it
concludes with the averment "all of which manifestly
appears of record."

Motion to quash    A motion was made to quash the bond, and a demur-
recognizance,
demurrer to *sci.*    rer filed to the *scire facias*.    The demurrer was overruled,
*fa.* and judgment
of the Court    and a judgment rendered on the recognizance in favor
thereon overrul-    of the Commonwealth, and the defendants have brought
ing each.    the case to this Court.

The statute does    The statute of 1805, 1 *Statute Laws*, 534, though it
not authorize or
require the Court    directs the Court to "name the *sum* in which the defen-
to fix the return
day of *capias* in    dant may be admitted to bail," which is required to be
criminal cases,
except it issue in    endorsed on the *capias* or subsequent process, no where
term time.    gives the Court authority to designate the day when the
process or recognizance shall be returnable except in the
special case, when it is made returnable on some day of
the same term in which it is awarded.

And though this statute makes a *capias* returnable to the *first day* of the next, and directs a recognizance to be taken for the appearance of the accused on the *return day* of the writ, at the time when this statute was enacted the Commonwealth's causes were required to be docketed for the first day of the term, and might be taken up for trial on that day. There was therefore, at that time, propriety in requiring the recognizance to be conditioned for his appearance on that day. But if the recognizance is conditioned for his appearance on any subsequent day of the term, though in that event it could not be estreated until that day arrived, we are not prepared to say that it is void.

The primary object of the law is to secure the appearance of the accused at the subsequent term of the court, to answer to the indictment against him, and to that end the sheriff is invested with power, by virtue of the process in his hands, to take bail, and though he takes it, conditioned for the appearance of the accused on a different day of the same term from that specially designated by the law for his appearance, we are not prepared to admit that the recognizance is a nullity, as being taken *without authority* of law. The spirit, and object, and substantial purposes of the law seem to have been complied with, namely, to secure the appearance of the accused for trial. And to that end was the power invested in the sheriff to take bail. And whether he was required to appear on the first or second day of the term, cannot affect his rights, provided he is not called for trial before the day of appearance.

But the fourth section of the act, supplemental to an act, providing for the compensation of jurors, Ses. Acts 1836-7, 279, provides that "all indictments and prosecutions in the name of the Commonwealth, requiring a jury to try the same, shall be docketed for trial on the *second* instead of the *first* day of the term." Though this section does not, in express words, change the *return* day of the writ nor the appearance day of the recognizance, yet when taken in *pari materia* with the former acts, it manifestly shows an intention on the part of the Legislature to allow such change, at least as to the ap-

ADAMS'
*vs*
COMMONWEALTH

Tho' the statute requires the *capias* in criminal cases, to be made returnable to the first day of the term, and that the def't. be recognized to appear on that day. Yet if the recognizance be taken for appearance on a different day, it will not be void; but it cannot be *estreated* until the day fixed therein, for appearance.

By the 4th sec. of the statute of 1836-7, prosecutions requiring jury trial, stand for trial on the second day of the term, which taken in connection with former acts on the same subject, shows a Legislative intention to allow recognizances to be taken for appearance of deft. on that day.

ADAMS'
vs
COM'LTH.

pearance day of the recognizance; for it cannot be presumed that the Legislature intented that an accused should be recognized to appear to answer to an indictment on the day before his case was set for trial, and a day before he could be tried. This would be to require of him an useless and unavailing act, which could not have been within the contemplation of the Legislature.

Recognizances since the statute of 1836-7, are properly taken for the appearance of defts. on the 2d day of the term.

As indictments and prosecutions for the Commonwealth were formerly set for trial on the *first day* of the term, there was reason and propriety in requiring the appearance of the accused on the *first day*, and in prescribing that the recognizance should be conditioned for his appearance on that day. But when by law they are required to be set for the *second day*, the reason ceases, and there would seem to be propriety in taking it conditioned for his appearance on that day; and so we think it was intended by the fourth section of the act last quoted. If so, the recognizance is taken strictly according to law, and cannot be rendered void by the endorsement upon the writ designating a different day.

There is no merit in the objection "that the Court rendered judgment upon the demurrer without disposing of the motion to quash the recognizance."

The judgment against the defendants, is a disposition of the whole case, and in substance and effect, disposes of the motion; but if it did not, as the recognizance is not made a part of this record, the motion to quash is no way connected with the proceedings in this case, and could present no bar to a judgment upon the failure of the defendants to plead over, when their demurrer was overruled.

Not necessary. that a *sci. fa.* on a recognizance in a criminal case should aver specifically a return of the recognizance to the office, equivalent averments are sufficient.

Nor can we perceive any substantial merit in the objection that the *sci. fa.* does not specifically aver a return of the recognizance to the office. The averment, after reciting the recognizance "all of which manifestly appears of record," is tantamount to, and is in effect an averment that the recognizance was returned. It could not be, or manifestly appear of record, according to any reasonable intendment, if it had not been returned.

It is therefore the opinion of the Court, that the judgment of the Circuit Court be affirmed with costs and damages.

*Turner* for plaintiffs; *Cates*, Attorney General, for Commonwealth.